IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| TERI GALARDI, | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | CASE NO. |
| CHRISTOPHER KOSACHUK, | : | 5:25-CV-90 (CAR) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ASTRID E. GABBE, ESQ., *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

### ORDER ON MOTION TO WITHDRAW REFERENCE

Before the Court is *pro se* Plaintiff Christopher Kosachuk's Motion to Withdraw Reference. Kosachuk asks this Court to withdraw the reference for an adversary proceeding he brought that is currently pending in the United States Bankruptcy Court for the Middle District of Georgia ("Bankruptcy Court"). If the reference were withdrawn pursuant to 28 U.S.C. § 157(d), as Plaintiff requests, then his adversary proceeding would be carried out in this Court. Non-Party Defendants Thomas T. McClendon, as Liquidating Trustee of the Galardi Creditors Trust, and the Galardi Creditors Trust, both oppose

1

withdrawing the reference.[1] For the reasons stated below, Kosachuk's Motion to Strike [Doc. 2] and Motion to Withdraw Reference [Doc. 1] are **DENIED**.

## BACKGROUND

The Court provides a brief review of the background of this case.[2] Debtor Teri Galardi filed a Chapter 11 petition with the Bankruptcy Court in January 2022.[3] On April 14, 2023, the Bankruptcy Court confirmed the Debtor's Plan, which called for the conveyance of funds into a liquidating trust for the benefit of unsecured creditors holding claims under Class 8 of the Plan. The Bankruptcy Court appointed Thomas McClendon, the Liquidating Trustee, to manage the Galardi Creditors Trust, the Class 8 creditors, and their claims. On December 19, 2023, the Bankruptcy Court approved a settlement agreement between the Liquidating Trustee, Plaintiff Christopher Kosachuk, and a number of other parties, some of whom are named as parties in Plaintiff's current adversary proceeding.

Plaintiff was the plaintiff in an earlier adversary proceeding, Case No. 23-5024, brought in the same Bankruptcy Court and involving many of the same parties as the

---

[1] Non-Party Defendants filed their Response in the adversary proceeding, but not in this action. *See* No. 24-05015-AEC [Doc. 110]. The Court takes judicial notice of the Response filed in the adversary proceeding. *See Hayden v. Vance*, 708 F. App'x 976, 979 (11th Cir. 2017) (citing *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)).

[2] The Court obtained these facts from the Bankruptcy Court's Order Denying Motion for Sanctions, No. 22-50035-AEC [Doc. 1016].

[3] Voluntary Petition, No. 22-50035-AEC [Doc. 1].

current adversary proceeding and the lead bankruptcy case. On December 21, 2023, the Bankruptcy Court approved a joint stipulation dismissing that case with prejudice.

Kosachuk filed the present adversary case on July 22, 2024, in the Bankruptcy Court. In his Adversary Complaint,[4] Plaintiff seeks distributions from the November 22, 2023 Settlement Agreement approved by the Bankruptcy Court in the lead bankruptcy case on December 19, 2023.[5] On March 6, 2025, Plaintiff filed his Motion to Withdraw Reference.

## DISCUSSION

### I.   Motion to Strike

Plaintiff moves to strike the Non-Party Defendants' Response in Opposition to his Motion to Withdraw Reference, arguing they lack standing to oppose Plaintiff's Motion because they are non-parties. Plaintiff cites no law supporting his position. Assuming Plaintiff relies on Federal Rule of Civil Procedure 12(f), this argument fails because Rule 12(f) allows the Court only to strike pleadings. A response to a motion is not a pleading.[6] Further, the Response is not filed in this Court, and Plaintiff cites no authority for the Court's ability to strike a response to a motion that is filed in a different action. Finally, the Bankruptcy Judge has already ruled at least once that the Non-Party Defendants fall

---

[4] Amendment to Adversary Complaint for Money Judgment, No. 24-05015-AEC [Doc. 48]; Adversary Complaint for Money Judgment, No. 24-05015-AEC [Doc. 1].
[5] Order Authorizing Settlement Agreement, No. 22-50035-AEC [Doc. 683].
[6] *See In re Bridges*, 582 B.R. 816, 818 (Bankr. N.D. Ga. 2018).

"within the scope of [11 U.S.C.] § 1109(b) concerning a broad right to be heard by a party in interest" in the adversary proceeding.[7] The Court agrees. Thus, Plaintiff's Motion to Strike [Doc. 2] is **DENIED**.

## II.     Motion to Withdraw Reference

"Pursuant to 28 U.S.C. § 157(d), a district court has authority to withdraw the reference to a bankruptcy court:"[8] "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."[9] "The law of [the Eleventh Circuit] states that: 'Once a bankruptcy court has assumed jurisdiction . . . a district court may withdraw reference only "'for cause shown.'""[10] "Although cause is not defined in the statute, [the Eleventh Circuit] has found that it is not an empty requirement."[11]

> District courts in this circuit have developed a number of factors for determining whether cause has been shown: "(1) uniformity and efficiency in the administration of bankruptcy law; (2) prevention of forum shopping; (3) conservation of parties' resources; . . . (4) facilitation of the bankruptcy process; . . . (5) whether the claim is core or non-core; (6) efficient use of judicial resources; (7) a jury demand; and (8) prevention of delay."[12]

---

[7] Recording of Bankruptcy Hearing on 4-2-2025, No. 24-05015-AEC [Doc. 119 at 28:16–28:33]; *see* 11 U.S.C. § 1109(b) ("A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter.").

[8] *Ogier v. Johnson*, No. 1:13-cv-01490-WSD, 2013 WL 6843476, at *2 (N.D. Ga. Dec. 27, 2013).

[9] 28 U.S.C. § 157(d).

[10] *In re Simmons*, 200 F.3d 738, 741 (11th Cir. 2000) (citation omitted).

[11] *Id.*

[12] *In re Alpha Protective Services, Inc.*, No. 7:14-MC-1 (HL), 2014 WL 4794183, at *2 (M.D. Ga. Sept. 25, 2014) (quoting *Holmes v. Grubman*, 315 F. Supp. 2d 1376, 1381 (M.D. Ga. 2004)).

"Although the Eleventh Circuit 'has not yet articulated criteria for determining the existence of cause for withdrawal,' it has noted with approval the Fifth Circuit's instruction, in *dicta*, for district courts to utilize such factors in determining cause."[13]

Here, withdrawing the reference is not warranted. Allowing this matter to proceed in the Bankruptcy Court would promote uniformity and efficiency in the administration of bankruptcy law, conserve the parties' resources, facilitate the bankruptcy process, efficiently utilize judicial resources, prevent delay, and prevent forum shopping.

The lead bankruptcy case has been ongoing for over three years, and the adversary action has been pending for nine months. The Bankruptcy Court also handled the Plaintiff's previous 2023 adversary action. Keeping this adversary action in the Bankruptcy Court would promote all of the above factors because the Bankruptcy Court has the familiarity and expertise in the relevant law generally, and these matters specifically, that this Court lacks. Further, Plaintiff did not move to withdraw the reference until eight months after filing the action and after the Bankruptcy Court ruled against Plaintiff on certain matters, giving the appearance of forum shopping.

---

[13] *Id.* (quoting *In re Simmons*, 200 F.3d at 742).

The only two factors that arguably go against allowing the matter to remain in the Bankruptcy Court are the core vs. non-core nature of the claims and Plaintiff's jury demand. These two factors are insufficient to warrant withdrawing the reference.

Even if Plaintiff is correct that his claims are all non-core bankruptcy matters, the core vs. non-core factor is "much less significant"[14] after the Supreme Court's opinion in *Stern v. Marshall*.[15] As explained in *In re Alpha Protective Services, Inc.*, a bankruptcy judge may not enter final judgment on a claim if it arises from "the common law, or in equity, or admiralty," even if it is defined as "core" under 11 U.S.C. § 157(b)(2), because bankruptcy judges are not appointed pursuant to Article III of the U.S. Constitution.[16] Further, if this Court "determines that the Bankruptcy Court lacked constitutional authority to enter final judgment on a claim, any such order would be treated as a recommendation by the bankruptcy judge," and would be subject to *de novo* review by this Court.[17]

Plaintiff's main argument for withdrawing the reference to the Bankruptcy Court is that he has requested a jury trial, and he does not consent to the Bankruptcy Court conducting the jury trial under 11 U.S.C. § 157(e). Plaintiff's jury demand is insufficient at this time to warrant withdrawing the reference. "'A court may wait until the case is

---

[14] *Id.* at *3.
[15] 564 U.S. 462 (2011).
[16] *In re Alpha Protective Services, Inc.*, 2014 WL 4794183, at *3 (quoting *Stern*, 564 U.S. at 482–84).
[17] *Id.* (citing *In re Williford*, 222 F. App'x 843, 844 (11th Cir. 2007)).

ready to go to trial before withdrawing the reference' because '[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues . . . is consistent with Congress's intent to let bankruptcy judges determine bankruptcy matters to the greatest extent possible.'"[18] Thus, this action will remain in the Bankruptcy Court until the case is ready to go to trial.

## CONCLUSION

For the reasons stated above, Kosachuk's Motion to Strike [Doc. 2] and Motion to Withdraw Reference [Doc. 1] are **DENIED**.

**SO ORDERED**, this 16th day of April, 2025.

S/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[18] *Ogier*, 2013 WL 6843476, at *6 (quoting *In re Palm Beach Fin. Partners, L.P.*, No. 13-80102-CIV, 2013 WL 2036161, at *4 (S.D. Fla. May 14, 2013)).